Filed 9/2/25  P. v. Amesquita CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>JUAN JOSE AMESQUITA,<br><br>  Defendant and Appellant. | F088600<br><br>(Super. Ct. No. CF97583982)<br><br>**OPINION** |

THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  Gary R. Orozco, Judge.

Laura Vavakin, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*      Before Levy, Acting P. J., Detjen, J. and DeSantos, J.

In 1997, the trial court sentenced defendant Juan Jose Amesquita to 21 years plus 100 years to life for murder and unlawful possession of a firearm. In 2024, defendant appeared for resentencing pursuant to Senate Bill No. 483 (2021–2022 Reg. Sess.) (Stats. 2021, ch. 728, § 3), codified as Penal Code[1] section 1172.75.[2] At the hearing, the trial court struck defendant's prior prison term enhancement, but otherwise left his sentence intact.

Counsel for defendant asked this court to review the record to determine whether there are any arguable issues on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436. Defendant was advised of his right to file a letter stating any grounds on which to base an appeal within 30 days of the date of filing of the opening brief, however, he did not file a letter. Defendant has identified no basis for relief, nor have we. We affirm.

## PROCEDURAL BACKGROUND

On May 8, 1997, a jury convicted defendant of first degree murder (§ 187, count 1) and unlawful possession of a firearm (§ 12021, subd. (a)(1), counts 2 & 3). As to count 1, the jury found a firearm enhancement true (§ 12022.5, subd. (a)). In a bifurcated trial, the jury also found true two five-year serious felony sentencing enhancements (§ 667, subd. (a)), four strike priors (§ 667, subds. (b)–(i) & 1170.12, subds. (a)–(e)), and a one-year prior prison term (§ 667.5, subd. (b)).

On August 20, 1997, the trial court sentenced defendant to 21 years, plus 100 years to life as follows: on count 1, 75 years to life (§ 187) plus 10 years (§ 12022.5, subd. (a)); on count 3, 25 years to life (§ 12021, subd. (a)(1)); and on count 2, 25 years to life, stayed pursuant to section 654. The court also imposed two five-year prior serious felony enhancements (§ 667, subd. (a)) and a one-year prior prison term enhancement (667.5, subd. (b)).

---

[1] All further undesignated statutory references are to the Penal Code.

[2] Formerly Section 1171.1.

On March 14, 2020, pursuant to an appeal filed on behalf of defendant, this court affirmed his judgment. (*People v. Amesquita* (Mar. 14, 2000, F029131) [nonpub.opn.].)

On August 22, 2024, a resentencing hearing was held pursuant to section 1172.75. On that day, the trial court struck the one-year prior prison term enhancement but otherwise affirmed the judgment, reducing defendant's sentence by one year.

## FACTUAL BACKGROUND[3]

On the morning of December 27, 1996, defendant shot victim Frank Rubio at the Employment Development Department as he was getting into his vehicle. Rubio's "common-law wife"[4] Vera Hernandez was present, and after hearing the shots, she ran over to the driver's side of the vehicle. Hernandez saw defendant walking away from the vehicle carrying a gun. She screamed, " 'Why?' " Hernandez testified defendant had a blank look on his face and walked away. Defendant got into his vehicle and drove to his daughter's apartment. He told his daughter he shot Rubio twice, once in the head and once in the chest. Defendant's gun and ammunition were recovered by police after defendant was arrested later that day.

Prior to the shooting, Hernandez separated from Rubio for a brief period, lived with defendant, and became pregnant with defendant's child. However, Hernandez decided to return to Rubio. Defendant was upset that Hernandez was pregnant with his child yet decided to continue relations with Rubio.

---

[3] The facts of the underlying offense are taken from the probation report.

[4] The probation report describes Hernandez as Rubio's "common-law wife." While California law does not recognize a common law marriage, this circumstance has no relevance here and additionally, since we were not provided the complete trial record on appeal, we defer to the probation report for the factual background. (Fam. Code, § 300; *People v. Badgett* (1995) 10 Cal.4th 330, 363.)

## DISCUSSION

### A. *Wende* Review

Defendant's counsel filed a brief pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436, asserting she could not identify any arguable issues in this case. After counsel filed her *Wende* brief, by letter dated June 2, 2025, we invited defendant to inform this court of any issues he wished to address. Defendant did not respond to our letter. Upon review of the record, we have identified no basis for relief.

### B. Additional Background

At the resentencing hearing pursuant to section 1172.75, the trial court found that defendant had a qualifying prior prison enhancement under section 667.5, subdivision (b). The court indicated its tentative ruling was to strike the one-year prior prison enhancement, and reopen sentencing as to counts 1 through 3. The court further stated it reviewed the sentencing memorandums filed on behalf of the prosecution and defense counsel, as well as the probation report and a certified copy of defendant's criminal history.

The trial court discussed whether it could consider striking defendant's strikes under the Three Strikes Reform Act of 2012 (the Act) (§ 1170.126). The court first found that the Act would not apply to count 1 because it was a violation of section 187, defined as a "serious and violent felony." The court then considered whether the Act applied to count 3 because unlawful possession of a firearm was not defined as a serious or violent felony. However, the court recognized that there has never been a petition filed in this case under section 1170.126 and thus, the "two-year window" had passed. The court also found that the Act did not apply and there was no authority to address defendant's strikes.

Nevertheless, the trial court found that even if the Act applied, defendant did "not fall outside the spirit of the Three Strikes law" and denied invitation to strike defendant's strikes. The court reviewed the documentation submitted, defendant's criminal history, the underlying circumstances, his postconviction and sentencing history presented. The

4.

court stated that defendant's criminal history "shows a period of criminal conduct beginning in 1976 .…" Defendant was released from prison and paroled in June 1996; the events of the underlying case occurred "six months later."

Next, defense counsel asked the trial court to strike the two five-year priors under section 1385. After hearing both parties' arguments, the court declined to dismiss the enhancements and found "substantial credible evidence" that defendant "remains a danger to public safety .…" In reaching this conclusion, the court weighed the mitigating circumstances and balanced the gravity of the crime, understanding defendant's struggle to "control" his anger, the extent of his criminal history, his behavior during his most recent criminal commitment, and noted a rule's violation in 2020 while in prison.

The trial court suspended the balance of the outstanding restitution fine originally imposed as requested by defense counsel under *People v. Duenas* (2019) 30 Cal.App.5th 1157, 1172.

### C. Resentencing Under Section 1172.75

Effective January 1, 2020, the Legislature amended section 667.5, subdivision (b) to limit prior prison term enhancements to sexually violent offenses.[5] (Stats. 2019, ch. 590, § 1.) Enhancements imposed before January 1, 2020 became "legally invalid" if the enhancement was imposed for a prior conviction other than a sexually violent offense. (§ 1172.75, subd. (a).) Section 1172.75 sets forth the procedure for resentencing if the defendant's sentence includes a legally invalid prior prison term enhancement. The trial court "shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c); see *People v. Renteria* (2023) 96 Cal.App.5th 1276, 1282.)

---

[5] Prior to January 2020, section 667.5, subdivision (b) allowed a prior prison term enhancement for any felony. (Stats. 2018, ch. 423, § 65.)

Here, defendant's prior prison term enhancement was based on a conviction for grand theft, a now legally invalid enhancement. (§§ 1172.75, subd. (a), 487.)[6] The trial court found defendant eligible for recall and resentencing due to the one-year prison prior enhancement under section 667.5, subdivision (b). (§ 1172.75, subd. (c).) The court properly struck the one-year enhancement. (§ 667.5, subd. (b).)

### D. Application of the Act

Proposition 36, the Act, "amended the Three Strikes law with respect to defendants whose current conviction is for a felony that is neither serious nor violent." (*People v. Johnson* (2015) 61 Cal.4th 674, 679, 681.) "In addition to reducing the sentence to be imposed for some third strike felonies that are neither violent nor serious, the Act provides a procedure by which some prisoners already serving third strike sentences may seek resentencing in accordance with the new sentencing rules." (*Id.* at p. 682; § 1170.126.) "An inmate is eligible for resentencing if: [¶] … [t]he inmate is serving an indeterminate term of life imprisonment imposed pursuant to [the Three Strikes law] for a conviction of a felony or felonies that are not defined as serious and/or violent .…" (§ 1170.126, subd. (e)(1).)

In contrast to the sentencing rules under section 1170.12, "an inmate will be denied recall of his or her sentence [under section 1170.126] if 'the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.' (§ 1170.126, subd. (f).)" (*People v. Johnson*, *supra*, 61 Cal.4th at p. 682.) "In exercising this discretion, the court may consider the defendant's criminal conviction history, the defendant's disciplinary record and record of rehabilitation while incarcerated, and '[a]ny other evidence the court … determines to be relevant.' " (*People v. Conley* (2016) 63 Cal.4th 646, 653; see § 1170.126, subd. (g)(1)–(3).)

---

[6] Formerly section 487.2.

Here, the trial court also considered application of the Act to defendant's sentence. (§ 1170.126.) The court concluded that the Act did not apply. (See, e.g., *People v. Superior Court (Williams)* (2024) 102 Cal.App.5th 1242, 1250, review granted Aug. 28, 2024, S286128 [the resentencing provisions of section 1170.126 provide the exclusive mechanism for reducing a third strike sentence for a nonserious and nonviolent felony, and that "applying the revised penalty provisions of the … Act to reduce a defendant's indeterminate life term to a determinate term when the defendant is being resentenced under section 1172.75 due to an invalid prior prison term enhancement unconstitutionally amends the resentencing procedure and requirements set forth in section 1170.126 of the voter-approved … Act"]; accord, *People v. Santos* (2024) 100 Cal.App.5th 666, review granted May 29, 2024, S284341; *People v. Kimble* (2024) 99 Cal.App.5th 746, review granted Apr. 24, 2024, S284259; *People v. Superior Court (Guevara)* (2023) 97 Cal.App.5th 978, review granted Mar. 12, 2024, S283305.) The court also found that defendant posed an unreasonable risk to public safety and thus, could also have denied recall and resentencing on that ground. (§ 1170.126, subd. (f).)

The trial court nevertheless found that even if the Act applied to defendant's sentence, he did "not fall outside the spirit of the Three Strikes Law" because "he did not remain crime free." In reaching this determination, the court considered the documentation submitted, defendant's criminal history, the underlying circumstances, and defendant's postconviction and sentencing history.[7] (See *People v. Superior Court*

---

[7] Defendant began his criminal career in 1976 with a conviction for battery of a peace officer and drunk driving. He was convicted of another drunk driving later that year. In 1977, he was convicted of resisting arrest and a few months later of auto theft. In 1978, he was convicted of paint sniffing, disturbing the peace, and receiving stolen property. In 1979, defendant suffered convictions for petty theft, forgery, and concealing a weapon in his vehicle. In 1980, he was released on parole, but suffered a robbery conviction in 1981, less than a year after being released. In 1982, he was convicted of burglary. In 1983, defendant provided a false identification to a peace officer. In 1984, he was convicted of robbery. After several parole violations, defendant was convicted in 1987 of residential robbery with personal use of a firearm, assault with a firearm, and

7.

(*Romero*) (1996) 13 Cal.4th 497, 531 [a court should take into account defendant's background, the nature of his present offenses, and other individualized considerations when exercising its discretion to strike a strike].) Considering defendant's extensive criminal history alone, the court was within its discretion not to strike defendant's prior strikes. (*People v. Stone* (1999) 75 Cal.App.4th 707, 717 [no abuse of discretion in refusing to vacate one of defendant's strikes because defendant "is an exemplar of the 'revolving door' career criminal to whom the Three Strikes law is addressed"]; *People v. Thornton* (1999) 73 Cal.App.4th 42, 49 [reversing order dismissing two of three strikes, where defendant had a long history of felonies, misdemeanors, drug use, and parole violations, which showed that his background, character, and prospects were "dismal, and cannot be said to be outside the spirit of the [T]hree [S]trikes law"]; see also *People v. McGlothin* (1998) 67 Cal.App.4th 468, 475 [reversing dismissal of strike where defendant's criminal history extended back to when he was 15 years of age, including previous felonies, various misdemeanors, and parole and probation violations].)

Thus, the trial court made the requisite findings necessary when it declined to strike defendant's prior strikes even if the Act applied. The court's exercise of discretion and reasoning was sound.

### E. Section 1385, Subdivision (c)

"Pursuant to section 1385, subdivision (c)(2), absent a finding that dismissal would endanger public safety, a court must assign significant value to the enumerated mitigating circumstances when they are present. In practice, the presence of an enumerated mitigating circumstance will generally result in the dismissal of an enhancement unless the sentencing court finds substantial, credible evidence of countervailing factors that 'may nonetheless neutralize even the great weight of the

---

attempted auto theft. Defendant was released on parole in June 1996. The instant crime occurred about six months later.

mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice.' " (*People v. Walker* (2024) 16 Cal.5th 1024, 1038.)

Turning to the trial court's denial to dismiss defendant's 10-year enhancement (§ 12022.5, subd. (a)) and two section 667, subdivision (a) enhancements under section 1385, subdivision (c), the court considered the mitigating circumstances outlined by defendant's counsel. Specifically, defense counsel argued the following mitigating circumstances applied: the current offense occurred due to unusual circumstances unlikely to occur again (California Rules of Court,[8] rule 4.423(a)(3)), multiple enhancements are alleged in a single case (rule 4.423(b)(11)), the application of an enhancement could result in a sentence of over 20 years (rule 4.423(b)(10)), and an enhancement is based on a prior conviction that is over five years old (rule 4.423(b)(13)).

The trial court gave great weight to the mitigating circumstances set forth by defense counsel but still found that substantial, credible evidence supported the conclusion that defendant remains a danger to public safety. The court based its conclusion on the fact that defendant had an extensive criminal history that increased in violence and defendant continued to receive rules violations while in custody. This was proper.

## DISPOSITION

The judgment is affirmed.

---

[8]     Undesignated rule references are to the California Rules of Court.